## STEWART v. WISCONSIN BRIDGE & IRON CO.

### No. 41813.

District Court, N. D. Illinois, E. D.

Nov. 20, 1936.

John W. Morsbach, of Chicago, Ill., for plaintiff.

Leonard & Leonard, of Chicago, Ill. (George Edward Leonard, of Chicago, Ill., of counsel), for defendant.

HOLLY, District Judge.

Defendant has demurred to the plaintiff's third amended fourth count and moves to dismiss the suit under section 48 of the Illinois Civil Practice Act (Smith-Hurd Ill. Stats. c. 110, § 172).

In plaintiff's amended fourth count he alleges that he was employed by defendant on August 15, 1931; that defendant by the authority of its directors from time to time allotted certain shares of its common stock for sale to its employees with the provisions that when the said employees left or were discharged from the service of the defendant, the defendant should have the right to purchase said stock on the terms set forth in the written agreement entered into between the employe and the company", said practice having been followed by the defendant for many years prior to plaintiff's entering its employ; that when plaintiff entered the service of defendant and from time to time thereafter he did purchase shares of stock of defendant to the total amount of 115 shares; that prior to such purchase he was required to enter into a written agreement that in the event of his death or the termination of his. employment the defendant should have the

right to purchase such stock for an amount computed as follows, to wit, the book value according to the books of the company at the date of the last closing of the same plus 25 per cent. (or 35 per cent.) of the par value of the stock, plus interest at the rate of 6 per cent. per annum on the total from the last closing of the books less dividends as received after that date, and there was stamped upon the certificates evidencing such shares of stock a statement that the certificate was subject to an agreement in writing by which the defendant reserved the right to repurchase said stock in the event of the death of plaintiff or termination of his employment with defendant.

It is further averred that the employment of plaintiff by defendant terminated on August 15, 1931, and at or about that time certain letters passed between plaintiff and defendant as follows:

"August 14, 1931
"Mr. H. A. Wagner, Pres. & Treas.,
"Wisconsin Bridge and Iron Co.,
"Milwaukee, Wisconsin.
"Dear Mr. Wagner:

"In reply to your letter of August 8th, your impression of our attitude and activities is entirely erroneous. However, from the tone of your letter we do not feel inclined to argue the matter. As our efforts and the results have been so unsatisfactory you will no doubt desire to place this office and territory in more efficient hands. We would therefore like to be relieved as soon as possible.

"Also would like to arrange for the prompt purchase of our stock.
"Yours truly,
"CWB:S                    Chicago Office."

"Wisconsin Bridge and Iron Company
"Milwaukee, Wisconsin.
"August 15, 1931.
"Chicago Office:

"Your favor of the 14th instant is received and we are sorry that you cannot see your way clear to cooperate with us towards getting more business out of your territory. As you prefer to discontinue we will make other arrangements as soon as possible and hope to let you hear from us within a week.

"In regard to the sale of your stock, would say that on account of the uncertainty of this year's results we are only purchasing shares on the basis of January 1, 1932. We are willing to advance a large part of the value but will expect to retain enough to cover any loss during this year's business and any loss that might accrue to your office.

"Hoping this will be satisfactory, we remain,
"Yours truly,
"Wisconsin Bridge and Iron Co.
"By H. A. Wagner,
"HAW:LH                    President."

"Wisconsin Bridge and Iron Company
"Milwaukee, Wisconsin.
"August 24, 1931
"Mr. Charles Stewart,
"Chicago, Illinois.
"Dear Sir:

"We hereby acknowledge receipt of the following certificates of common stock of this company:

| Certificate No. | No. of Shares. |
| --- | --- |
| 82 | 10 |
| 127 | 10 |
| 135 | 5 |
| 154 | 25 |
| 204 | 30 |
| 228 | 15 |
| 263 | 5 |
| 291 | 15 |
| | 115 shares |

"It is understood that we will purchase this stock on the basis as outlined in our letter to you dated August 15, and that the amount to be advanced to you will be determined upon Mr. Wagner's return to the office about September 1.
"Yours very truly
"Wisconsin Bridge and Iron Co.
"By A. L. Riemer,
"ALR:RG                    Secy. and Mgr."

It is further averred that pursuant to the custom of the defendant requiring employees to enter into the agreement for the repurchase of stock in the event of death or the termination of the employment, the president and manager and defendant were duly authorized and empowered by defendant to repurchase plaintiff's shares of stock; that as a result of said correspondence the price to be paid by the defendant for said stock as provided in the original agreement was modified to provide that the purchase price of the stock should be governed by the book value of the stock as shown at the closing of the books of the defendant, January 31, 1932, plus said premium or mark up; that defendant at the time of the original agreement and on August 15, 1931, and at all times since, has been wholly solvent, and in addition its capital stock has accumu-

lated surplus and undivided profits, and that the book value of the shares of stock of defendant on January 1, 1932, was $285.62 per share; that plaintiff has at all times been ready and willing to deliver said shares of stock to defendant and has demanded that the plaintiff pay to him the value thereof as of January 1, 1932, but that defendant has refused to make such payment.

In my opinion this count does not set up a cause of action and the demurrer should be sustained. The written agreement was simply an option granting defendant the privilege of purchasing the stock if it so desired. It did not express a desire to purchase this stock, but in the correspondence plaintiff offered the stock to defendant upon the terms expressed in the option. Defendant did not accept the offer but made a counter offer and there is nothing in the correspondence showing the acceptance of defendant's offer by plaintiff. The only letter that followed defendant's offer is the one acknowledging receipt by defendant of the certificates. How the certificates came into the hands of defendant does not appear. There is nothing in the letter acknowledging the receipt of the stock indicating that plaintiff had accepted defendant's offer. In my opinion the facts set out in this count do not show an enforceable agreement.

Plaintiff has also moved to dismiss the amended fifth and sixth counts on the ground that the alleged agreement set forth in these counts is not in writing and therefore unenforceable under the statute frauds. This motion is made under the provisions of section 48 of the Illinois Civil Practice Act (Smith-Hurd Ill.Stats. c. 110, § 172), which provides that if it appears from the face of the complaint that the claim upon which the action or suit is founded is unenforceable under the provisions of the statute of frauds, the suit may be dismissed on motion. Defendant has moved to strike from the files this motion on the ground that the suit was commenced prior to the effective date of the Civil Practice Act and that said section of the act does not apply. Rule 1 of the Supreme Court of Illinois (Smith-Hurd Ill.Stats. c. 110, § 259.1) provides that the provisions of the act with respect to "trial practice (sections 48–73) shall apply to proceedings instituted prior to January 1, 1934, and not on trial prior to January 1, 1934." By this rule section 48 is expressly made applicable to suits such as this commenced prior to January 1, 1934, but not on trial prior to that date. The motion to strike from the files defendants' motion to dismiss is denied.

In the amended fifth and sixth counts plaintiff relies upon the letters between the parties set out in the third amended fourth count and also upon certain alleged oral agreements between the parties. This contract was entered into in Wisconsin and is governed by the Wisconsin Statutes on the subject. Section 121.04 of chapter 121, Wisconsin Statutes (1929), reads as follows: "A contract to sell or a sale of any goods or choses in action of the value of fifty dollars or upwards shall not be enforceable by action unless the buyer shall accept part of the goods or choses in action so contracted to be sold or sold, and actually receive the same, or give something in earnest to bind the contract, or in part payment, or unless some note or memorandum in writing of the contract or sale be signed by the party to be charged or his agent in that behalf."

It is held by the courts of Wisconsin that shares of stock in a corporation are goods within the meaning of the statute. The contract for the sale of the shares of stock, to be enforceable, must be in writing unless the buyer has accepted part of the goods and actually received the same or given something in earnest to bind the contract, or in part payment, unless some note or memorandum of the contract is signed by the party to be charged or his agent in his behalf. In my opinion the correspondence between the parties does not constitute a sufficient writing to satisfy the statute. As stated above, there was an offer to sell at a certain price, but there is no writing accepting the offer, neither was any payment made nor was there an acceptance by the defendant of the stock. It is true that there is a receipt signed by the secretary of the corporation showing that the shares of stock had been left with him, but the receipt does not show that either he or his corporation was accepting the stock. Rather it indicates that the parties had not come to an agreement. It reiterates defendant's then position that the stock would be purchased only upon the terms set forth in the letter of the president of the corporation to the plaintiff as though the question of price and terms was still open.

The demurrer to the third amended fourth count and the motion to dismiss as

to the amended fifth and sixth counts will be sustained. The first, second, and third counts are the common counts. As to those the motion to dismiss is denied.